STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MOLLY A. SMOLEN (CABN 293328)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6779
    FAX: (415) 436-7234
    molly.smolen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19-CR-576-VC |
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| v. | Sentencing Date: May 24, 2021 |
| MIGUEL A. BUCIO SANCHEZ, | Time: 1:p0 a.m. |
| Defendant. | Judge: Hon. Vince Chhabria |

## I. INTRODUCTION

This defendant is a young man with a troubling criminal history. Although he was only nineteen years old at the time of the offense conduct in this case, he is already in the highest possible criminal history category. While his life has not been an easy one, his conduct in this case involved the possession for sale of both cocaine and methamphetamine, as well as being a felon in possession of a firearm and ammunition, all extremely serious charges that pose a strong danger to the community.

## II. BACKGROUND

### A. Offense Conduct

Defendant's convictions in this case stem from the execution of a search warrant at his residence

by officers of the San Mateo Sheriff's Office. PSR ¶ 6.  On October 1, 2019, officers arrived at Defendant's home and saw Defendant leaving his residence.  A plainclothes officer approached Defendant and grabbed him without identifying himself as police.  *Id.*  Defendant responded by pulling out a loaded firearm and attempting to shoot the officer.  *Id.*  Luckily, Defendant was not able to manipulate the safety, and the officer was not harmed.  *Id.*  Once the officers on scene identified themselves as police, Defendant immediately threw down his weapon and complied with the officers' instructions.  *Id.*  The officers examined Defendant's gun and found it to be loaded with one round in the chamber and three in the seated magazine.  *Id.* ¶ 7.

The officers conducted a search of Defendant's home and in his bedroom they found numerous items consistent with the distribution of narcotics, including spoons with narcotics residue on them, one bag with five ounces and another with 2.2 pounds of cocaine, several bottles of suspected Alprazolam, approximately one ounce of methamphetamine, and other indicia of drug dealing.  *Id.* ¶ 8.

While his home was being searched, Defendant attempted to bribe the officer keeping watch on him in an attempt to escape.  *Id.* ¶ 9.  Defendant offered the officer $50,000, then $75,000, then $100,000 if the officer would help him get away, saying "Look I'm in deep shit right now and money doesn't mean a fucking thing to me, my freedom is everything, fuck dude, I'll give you one hundred thousand dollars, just tell me where you want me to drop off the money and you will have it tonight, I am so fucked, please just take my money and let me go."  *Id.*

### B. Criminal History

Defendant has multiple prior state-level adjudications and convictions, both as a juvenile and as an adult.  In 2019 alone (the same year in which Defendant engaged in the conduct that forms the basis for his convictions in this case, Defendant incurred three serious convictions:  (1) a misdemeanor battery conviction in which Defendant repeatedly slapped and choked his significant other; (2) a felony conviction for carrying a concealed, loaded firearm; and (3) a felony conviction for possession of controlled substances for sale.  PSR ¶¶ 33-35.  Due to his extensive criminal history, the government agrees with Probation that Defendant is in Criminal History Category VI.  *See* PSR ¶ 38.

### C. Procedural History

On October 31, 2019, Defendant was charged in a three-count indictment with violation of 21

U.S.C. §§ 841 (a)(1), (b)(1)(B) – Possession with Intent to Distribute 500 grams or more of Cocaine (Count One); 21 U.S.C. §§ 841 (a)(1), (b)(1)(C) – Possession with Intent to Distribute Methamphetamine (Count Two); and 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and Ammunition (Count Three).

On March 4, 2021, Defendant pled guilty to all charges pursuant to an open plea.

### III. SENTENCING GUIDELINES CALCULATIONS

The government agrees with Probation that the appropriate Sentencing Guidelines calculations is as follows:

|   |   |
|---|---|
| a. Base Offense Level, U.S.S.G. § 2D1.1: | 24 |
| b. Specific Offense Characteristics – possession of a firearm | +2 |
| b. Acceptance of Responsibility: | -3 |
| c. Adjusted Offense Level: | 23 |

*See* PSR ¶¶ 16-25.

Defendant is in Criminal History Category VI, and therefore the Guidelines range for imprisonment is 97 to 115 months. Count One carries a mandatory minimum sentence of 60 months.

### IV. SENTENCING RECOMMENDATION

#### A. Legal Standard

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court is to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. To that end, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), to include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B. The Government Takes No Position on the Appropriate Length of Imprisonment in this Case.

The government takes no position on the appropriate prison term in this case, but asks the Court to impose a five-year term of supervised release (with the conditions of supervised release set forth in the PSR), a $300 mandatory special assessment, and asks the Court to order that the firearm and ammunition Defendant possessed be forfeited.

The crimes to which Defendant pleaded guilty are extremely serious, and they posed a great risk to our community. Moreover, in his young life Defendant has accrued a criminal record that places him at the top of the scale. However, while Defendant's prior convictions have also been for serious crimes, he has never served substantial time in jail for any of them. Here, one of the counts of conviction carries a mandatory minimum five-year term, many times greater than any of Defendant's previous sentences. That this mandatory minimum sentence alone is well above anything to which Defendant has previously been sentenced takes into account the gravity of his crimes. A substantial sentence is appropriate in this case to deter Defendant from future criminal acts.

## V. CONCLUSION

Defendant committed serious crimes and the sentence the Court imposes should reflect that. While the government takes no position on the appropriate length of imprisonment in this case, the government respectfully requests that any prison term imposed be followed by five years of supervised release, that a $300 special assessment be imposed, and that forfeiture be ordered.

DATED: May 17, 2021                                          Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

 */s/ Molly A. Smolen*
MOLLY A. SMOLEN
Assistant United States Attorney